

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. STARKS; and TINA W. STARKS, as the Personal Representatives for the Estate of Brittany Jasmine Oswell, Plaintiffs, | § § § § § | |
| vs. | § | CIVIL ACTION NO. 3:18-01062-MGL |
| AMERICAN AIRLINES, INC., Defendant. | § § § § | |

MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE
AND RENDERING MOOT DEFENDANT'S MOTION TO DISMISS
AND PLAINTIFFS'CONTINGENT MOTION FOR TRANSFER OF VENUE

## I.  INTRODUCTION

This is a wrongful death case.  The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Pending before the Court are Defendant American Airlines, Inc.'s (American) motion to dismiss

and alternative motion to transfer venue and Plaintiffs Christopher A. Starks (Mr. Starks) and Tina

W. Starks's (Ms. Starks; collectively with Mr. Starks, Plaintiffs) contingent motion for transfer of

venue.  Having carefully considered the motions, the responses, the replies, the record, the

arguments at motions hearing, and the applicable law, it is the judgment of the Court American's

motion to transfer venue will be granted.  Consequently, American's motion to dismiss and

Plaintiffs' contingent motion for transfer of venue will be rendered moot.

## II. FACTUAL AND PROCEDURAL HISTORY

This case arises out of the death of Brittany Jasmine Oswell (Ms. Oswell). Ms. Oswell and her husband, Cory Kadeem Oswell (Mr. Oswell), were scheduled to travel on American flights from Honolulu, Hawaii to Columbia, South Carolina on April 14 and 15, 2016. ECF No. 30-1 at 3. On the evening of April 14, 2016, Mr. and Ms. Oswell boarded American flight 102 (flight 102) in Honolulu. ECF No. 13 ¶ 7, ECF No. 23 ¶ 7. Flight 102 was due to arrive at Dallas-Fort Worth airport (DFW) the following morning. *Id.* Following a layover of approximately three hours, Mr. and Ms. Oswell were scheduled to board American flight 5631 from DFW to Columbia. ECF No. 30-1 at 3.

During flight 102, Ms. Oswell became ill. ECF No. 13 ¶¶ 8-21, ECF No. 23 ¶¶ 8-21. By the time flight 102 landed at DFW, Ms. Oswell was unconscious. ECF No. 13 ¶ 21, ECF No. 23 ¶ 21. Emergency medical personnel met flight 102 upon its arrival at DFW, *id.*, and Ms. Oswell was transferred to Baylor Medical Center, where she was subsequently admitted, *id.* ¶¶ 22-23. Three days later, Ms. Oswell died at Baylor Medical Center. *Id.* ¶¶ 24, 26. The cause of death was acute massive pulmonary embolism and cardiogenic shock. *Id.* ¶ 26.

On April 18, 2018, Mr. and Ms. Starks, as personal representatives of the Estate of Ms. Oswell, together with Mr. Oswell, filed the instant action against American in this Court. ECF No. 1. The complaint alleged causes of action for: 1) negligence or gross negligence resulting in wrongful death; 2) survivorship; and 3) loss of consortium. *Id.* On June 1, 2018, Plaintiffs filed an amended complaint that removed Mr. Oswell as a plaintiff and eliminated the claim for loss of consortium. ECF No. 13.

On August 14, 2018, American filed its motion to dismiss and alternative motion to transfer venue. ECF No. 27. In its motion to dismiss, American sought to have the Court dismiss the action for lack of personal jurisdiction. *Id.* In the alternative, American asked the Court to transfer the action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Texas (Northern District of Texas), Fort Worth Division. *Id.* Plaintiffs responded on September 11, 2018, ECF No. 30, and American replied on September 25, 2018, ECF No. 35.

On September 11, 2018, Plaintiffs filed a contingent motion for transfer of venue. ECF No. 31. In their motion, Plaintiffs noted they sought such a transfer only if the Court determined, pursuant to American's motion to dismiss, it did not have personal jurisdiction over American. *Id.* If the Court held it lacked personal jurisdiction over American, Plaintiffs sought a transfer of the instant action to the Northern District of Texas pursuant to 28 U.S.C. § 1406 or 28 U.S.C. § 1631. *Id.* American responded on September 25, 2018. ECF No. 36.

On November 26, 2018, the Court entered an Order directing the parties to conduct limited discovery on the issue of personal jurisdiction. ECF No. 38. Following a sixty-day period for such discovery, the parties were to file additional briefing, if necessary, regarding the issue of personal jurisdiction. *Id.* The Court also informed the parties it intended to hold an evidentiary hearing following the close of jurisdictional discovery and the filing of any additional briefing. *Id.*

On February 26, 2019, American filed a supplemental brief in support of its motion to dismiss and alternative motion to transfer venue. ECF No. 48. Plaintiffs filed a response on March 14, 2019, ECF Nos. 52, 53, and American replied on March 18, 2019, ECF No. 54.

On March 19, 2019, the Court held an evidentiary hearing on the pending motions. ECF Nos. 47, 55. Counsel for the parties presented arguments at the hearing. On March 22, 2019, Plaintiffs filed a supplemental memorandum in opposition to American's motion to dismiss and American's alternative motion to transfer venue. ECF. No. 56. American replied on March 25, 2019. ECF No. 57. Having been fully briefed on the issues, the Court is now prepared to render a decision on the merits.

III.    STANDARD OF REVIEW

Section 1404(a) of Title 28 of the United States Code provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). District courts have wide discretion to transfer an action under 1404(a) "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Duson v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

A district court has the power to transfer venue under § 1404(a) even if it lacks personal jurisdiction over the defendants in the action. *See Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001). However, a district court must have subject matter jurisdiction over a case to transfer the case under § 1404(a). *See Grimsley v. United Eng'rs & Constructors, Inc.*, 818 F.

Supp. 147, 148 (D.S.C. 1993) ("When the court lacks subject matter jurisdiction, it does not have the power to transfer pursuant to § 1404(a).").

In analyzing a motion to transfer venue under 28 U.S.C. § 1404(a), a district court must conduct a two-step analysis: (1) the district court must consider whether venue would be proper in the proposed district; and (2) if the proposed venue would be proper, the court must evaluate "whether transfer is in the interest of justice and will serve the convenience of the parties and witnesses." *United States v. $78,850.00 in U.S. Currency*, 446 F. Supp. 2d 428, 431 (D.S.C. 2006). This analysis involves an "individualized, case-by-case consideration of convenience and fairness . . . ." *Van Dusen*, 376 U.S. at 622. In making that individualized analysis, courts in this Circuit look at: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. Of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Svcs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015)

## IV.    DISCUSSION AND ANALYSIS

The Court need address neither American's motion to dismiss nor Plaintiffs' contingent motion to transfer venue. Rather, the Court may transfer the case pursuant to 28 U.S.C. § 1404(a) without determining whether it has personal jurisdiction over American. *See Fort Knox Music Inc.*, 257 F.3d at 112. Thus, the Court declines to examine American's motion to dismiss and Plaintiffs' contingent motion to transfer venue as the analysis regarding American's motion to transfer renders the remaining motions moot. *See Karsten v. Kaiser Found. Health Plan of Mid-*

*Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*." ).

Applying the above standards to the instant matter, the Court must first determine whether it has subject matter jurisdiction over the action. Plaintiffs assert there is complete diversity of the parties and the amount in controversy exceeds $75,000. American admits the diversity of the parties, and in seeking transfer, further avers the amount in controversy exceeds $75,000. Accordingly, this Court has subject matter jurisdiction over the case.

Turning to American's motion to transfer, the Court first concludes the case could properly have been brought in the Northern District of Texas, Fort Worth Division. American asserts the case could have been filed originally in the Northern District of Texas because that court – like this one – has subject matter jurisdiction over the case. American further advances the Northern District of Texas has personal jurisdiction over American as American's headquarters are located in the Fort Worth Division of the Northern District of Texas. Finally, American asserts venue is proper in the Fort Worth Division where American's headquarters are located.

Plaintiffs oppose transfer under 28 U.S.C. § 1404(a). However, if the Court determines it lacks personal jurisdiction over American, Plaintiffs seek transfer to the Northern District of Texas under - *inter alia* - 28 U.S.C. § 1406(a). Section 1406(a) allows for transfer of a case to a court where the action could originally have been brought if it was improperly filed in the transferring court. 28 U.S.C. § 1406(a). Plaintiffs thus concede the instant action could have been brought in the Northern District of Texas.

The Court next turns to the second element of the test for transfer under 28 U.S.C.

§ 1404(a): whether such transfer is in the interest of justice and serves the convenience of the parties and witnesses. In making that determination, as noted above, the Court looks at plaintiff's choice of venue, convenience and access of witnesses, convenience of parties, and the interest of justice. *Trs. Of the Plumbers & Pipefitters Nat'l Pension Fund,* 791 F.3d at 444.

The Court first considers the weight given to the plaintiff's choice of venue. "As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" *Id.* (quoting *Bd. Of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D.Va. 2007)). Plaintiffs chose to bring this case in the United States District Court for the District of South Carolina (District of South Carolina). Their choice is entitled to substantial weight.

The next factor to be considered is access to, and convenience for, the witnesses. The witnesses in this case include Mr. Oswell, American personnel who were onboard flight 102 and who met flight 102 when it landed, emergency medical personnel who met flight 102 upon arrival, treating physicians from Baylor Medical Center, the on-call physicians who communicated with the crew on flight 102, and Mr. and Ms. Starks. ECF Nos. 27 at 18-19, 30 at 15-16, 30-8. Many of these witnesses are American employees who live in the Dallas Fort Worth area, ECF No. 27 at 18-19, and thus are within the subpoena power of the Northern District of Texas, but outside the subpoena power of the District of South Carolina, *see* Fed. R. Civ. P. 45(c). The Northern District of Texas is also more convenient for the majority of the American employees. ECF No. 27 at 18-19.

Texas is also more convenient for many of the witnesses who are not American employees, and some of them are more accessible to the Texas court than to this Court. The Baylor Medical Center employees are likely within the subpoena power of the Northern District of Texas, but not the District of South Carolina, *see* Fed. R. Civ. P. 45(c), and Texas is more convenient for them. The on-call flight physicians work out of Pittsburgh, Pennsylvania, ECF No. 30-8, and are thus likely outside the subpoena power of both courts, *see* Fed. R. Civ. P. 45(c), with neither court substantially more convenient for them.

Mr. Oswell currently resides in New York, but was deposed in this case in Killeen, Texas, where he was training to obtain his commercial driver's license, which will be issued by the State of Texas where Mr. Oswell maintains his driver's license. ECF No. 48-2 at 1-6. Thus, the Northern District of Texas is arguably more convenient for Mr. Oswell than the District of South Carolina. Mr. and Ms. Starks reside in Columbia, South Carolina, ECF No. 30-1 ¶ 2; South Carolina is thus more convenient for them than Texas. Accordingly, for the majority of the witnesses in this case, the Northern District of Texas offers both better access to the witnesses, and more convenience for the witnesses than the District of South Carolina. This is particularly so for the witnesses who were onboard flight 102, and can attest to the series of events which preceded – and allegedly led to – Ms. Oswell's death. For those reasons, this factor weighs strongly in favor of transferring this action to the Northern District of Texas.

The third factor is convenience of the parties. American is headquartered in Fort Worth, Texas, ECF No. 27-1 ¶ 5, and would have to transport people, documents, and evidence to Columbia if a trial were held in Columbia. Mr. and Ms. Starks reside in Columbia, and would

have to take time off of work and incur costs for travel to and staying in Texas if a trial were held there. ECF No. 30-1 ¶ ¶ 2, 4, ECF No. 48-3 at 2-3. Thus, venue in Columbia would be more convenient for Mr. and Mrs. Starks whereas venue in Texas would be more convenience for American. In addition, , many of American's documents and evidence, which will likely be at issue in this case, are located in Fort Worth. ECF No. 27 at 19-20. Accordingly, this factor weighs somewhat in favor of transferring this action to the Northern District of Texas.

The final factor to be considered is the interest of justice. American is a transportation company that operates flights in both Texas and South Carolina. American, however, is based in Fort Worth, Texas. Thus, Texas has a stronger interest in hosting this litigation than does South Carolina. This final factor thus weighs in favor of transferring the instant action to the Northern District of Texas.

In sum, the Court finds with the exception of Plaintiffs' choice of venue, the factors weigh in favor of transferring this matter to the United States District Court for the Northern District of Texas, Fort Worth Division. In particular, the witnesses are more accessible to the Texas court, and Texas is a more convenient venue for some of the parties and the majority of the witnesses. As the home of American, Texas also has a stronger interest in adjudicating this matter than does South Carolina. For those reasons, the Court will grant American's motion to transfer venue.


## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court American's motion to transfer venue is **GRANTED**. As a result, both American's motion to

dismiss and Plaintiffs' contingent motion to dismiss are **RENDERED MOOT**. This case is

**TRANSFERRED** to the United States District Court for the Northern District of Texas, Fort

Worth Division.

 

**IT IS SO ORDERED**.

Signed this 27th day of March, 2019, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE